IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 





NO. 3-91-359-CR





GEORGE NEIL MILHIM,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY



NO. 345159, HONORABLE DAVID PURYEAR, JUDGE PRESIDING



 





 After the jury found appellant guilty of the offense of assault, Tex. Penal Code
Ann. § 22.01 (West 1989), the court assessed punishment at one year's confinement in the county
jail and a fine of one thousand dollars. The term of confinement and the fine were both probated
for two years. Appellant's two points of error are directed to the court's refusal to grant his
requested instruction in the court's charge limiting the jury's consideration of extraneous offenses. 
We overrule appellant's points of error and affirm the judgment of the trial court.

 The information charged appellant with striking Michael Lebermann about the head
with his hand on or about the 27th day of September 1990. Shelby Singleton, the owner of AAble Towing, testified that on the day in question she received a telephone call from a person
she recognized as appellant, a driver for M & M Towing, asking to speak to one of her
employees, Doyle Ray. Thirty or forty minutes later, a dispatcher at M & M Towing called and
advised Singleton, "If you want your blue truck, you better come and get it . . . Doyle Ray
brought it over here . . . we left him bleeding in the ditch." After Singleton advised Lebermann
and Ray's brother, Wallace, of the message she had received, Lebermann and Wallace Ray left
for M & M Towing in separate wreckers, Lebermann to retrieve the truck, and Wallace Ray to
get his brother.

 Lebermann testified that his employer's blue truck was parked in the customer
parking space at M & M Towing. When Lebermann positioned his wrecker where he could back
up and pick up the truck, a golf cart was parked between the wrecker and the truck. Lebermann
asked what was going on and he was told to get off the property. As Lebermann started to back
his vehicle into the street, appellant approached his wrecker, "screaming at me to leave." 
Lebermann related that as he started to pull away, appellant punched me with his fist, "Got my
ear and jaw." Lebermann sustained a bruised jaw and "couldn't chew for a couple of days." 
Lebermann left without the blue truck. Wallace Ray remained to look for his brother.

 Following Lebermann's departure, Singleton went to M & M Towing to retrieve
her truck. When appellant refused to release the truck, police were called to resolve the dispute. 
After the arrival of the police, and the return of Lebermann to the scene, the truck was released
to Singleton and Lebermann. Austin Police Officers Michele Woodfin and Danny Gratten
testified regarding information they obtained at the scene concerning altercations that had preceded
their arrival. Woodfin stated that appellant said that he hit Lebermann in the face, "He did not
tell me why or would not tell me why." After Woodfin talked to other parties at the scene,
appellant changed his story, stating that he did not block any truck and didn't hit Lebermann. 
Officer Gratten testified that appellant told him that he "beat up Doyle [Ray] and drug him across
the street," and his dog, a pit bull, bit him. Gratten related that Doyle Ray's face was badly
bruised, but Gratten did not know "how bad it was bleeding."

 In his first point of error, appellant contends that the court erred in refusing his
timely request for an instruction in the court's charge prohibiting the jury from considering
"evidence of any other alleged incident by the defendant" in its deliberations. In his second point
of error, appellant asserts that the court's refusal to grant his requested instruction allowed the
jury to speculate about other matters not in evidence. An accused is entitled to be tried on the
accusations made in the State's pleading and he should not be tried for some collateral crime or
for being a criminal generally. Templin v. State, 711 S.W.2d 30, 32 (Tex. Crim. App. 1986).

 One of the exceptions to this principle is that evidence of an extraneous or extrinsic
offense may be admissible to show the context in which the criminal act occurred. Wilkerson v.
State, 736 S.W.2d 656, 659-60 (Tex. Crim. App. 1987).



Where an offense is one continuous transaction, or another offense is part of the
case on trial or blended or closely interwoven, proof of all such facts is proper. 
[T]his has been termed the "res gestae," under the reasoning that events do not
occur in a vacuum and that the jury has a right to hear what occurred immediately
prior to and subsequent to the commission of the act so they may realistically
evaluate the evidence.



Luck v. State, 588 S.W.2d 371, 375-76 (Tex. Crim. App. 1979) (citations omitted). Where a
description of the immediate circumstances reveals offenses other than those charged, exclusion
of such evidence will render an understanding of testimony unlikely. Wilkerson, 736 S.W.2d at
661. It is not necessary to give a limiting instruction on an extraneous offense that constitutes
a part of the res gestae of the offense for which an accused is on trial. Luck, 588 S.W.2d at 376.

 In the instant cause, the series of events leading to the primary offense was initiated
by a call from M & M Towing advising Singleton that, after Doyle Ray brought her truck to M
& M, "We left him bleeding in the ditch." When officers were called to resolve the dispute of
whether the truck could be removed from M & M, appellant told Officer Gratten that he "beat up
Doyle Ray." We find that the offense involving Ray was so closely interwoven with the primary
offense as to constitute one continuous transaction. No error is shown in the trial court's action
in refusing to grant appellant's requested instruction limiting the jury's consideration of the
extraneous offense. Appellant's points of error are overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Justices Jones, B. A. Smith and Davis*]

Affirmed

Filed: March 10, 1993

[Do Not Publish]


















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).